UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEREK FIELDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:14-CV-1844-RLM |
| | ) (ARISING OUT OF: 3:11-CR-149-RLM) |
| JULIE LAWSON, | ) |
| | ) |
| Respondent. | ) |

OPINION and ORDER

Derek Fields filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 while being held at the St. Joseph County Jail pending his supervised release revocation hearing. Mr. Fields originally pleaded guilty to unlawful possession of a firearm and was sentenced to time served and a two-year supervised release term. A mandatory supervised release condition prohibits defendants from committing another federal, state, or local crime during the term of supervision. 18 U.S.C. § 3583(d). On March 4, 2014, near the end of his supervised release term, Mr. Fields was charged with aggravated battery in St. Joseph Superior Court. As a result, this court found reason to believe Mr. Fields had violated a supervised release condition by committing another crime and issued a warrant for his arrest. He was arrested May 30, and an initial hearing was held the same day. The defendant moved to continue the preliminary hearing held a few days later on June 4. The parties reconvened on the 10th, presented evidence and argument, and the court found sufficient

probable cause to believe Mr. Fields had violated a condition of his supervised release. At the detention hearing the next day, the court found that Mr. Fields should be held without bond pending further proceedings. A final hearing on the revocation of Mr. Fields' supervised release term was held on September 29. After evidence and argument, the court revoked Mr. Fields's supervised release and sentenced him to 24 months' imprisonment followed by a one year term of supervised release.

In his § 2241 petition, Mr. Fields says that he isn't challenging his conviction or sentence. He argues the court unlawfully allowed his detention so the U.S. Marshals could investigate and indict him and the court allowed the government to admit video footage of a witness's testimony at the detention hearing, which denied his right to confront and cross-examine the witness. His arguments focus on his detention before the supervised release revocation hearing and evidence presented at his detention hearing. Typically a defendant will seek review of a magistrate judge's detention order from the district court, 18 U.S.C. § 3145(b), or appeal the district court's detention decision to the court of appeals, 18 U.S.C. § 3145(c). Because Mr. Fields filed his challenge under § 2241, his petition wasn't initially connected to his criminal case. Upon discovery that Mr. Fields had a related criminal case, the § 2241 petition was reassigned to the judge who presided over those proceedings. Unfortunately, the connection was made after Mr. Fields' supervised release revocation

hearing, so the period of detention had been resolved. Nonetheless, the court will briefly discuss Mr. Fields' arguments.

First, Mr. Fields argues that on August 13, the court continued his supervised release revocation hearing until October 20 to give the U.S. Marshals time to investigate and indict him. After the June 11 evidentiary detention hearing, the Magistrate Judge ordered Mr. Fields detained pending further proceedings. Other than his accusations about the court's motivations, he doesn't specifically challenge the detention order. Mr. Fields points to a date two months later and says he was unlawfully detained. He is mistaken about the circumstances surrounding the August 14 continuance. Mr. Fields's supervised release revocation hearing was initially set for July 17, but at that hearing he made an oral motion, which the court granted, to continue the hearing to let him hire his own lawyer. The court held a status conference on August 6, in which the supervised release revocation hearing was rescheduled for August 20. The new counsel, unsurprisingly, then moved for a continuance. On August 14, the court held a hearing on that motion and granted Mr. Fields's motion to continue the supervised release revocation hearing to October 24.[1] The court moved the hearing to October because Mr. Fields asked him to.

Second, Mr. Fields claims the court allowed the government to admit video footage of a witness's testimony at the detention hearing, denying him his

---

[1] The hearing was ultimately held on September 29.

right to confront and cross-examine the witness. On June 10 and 11, the court held the preliminary hearing to decide whether probable cause existed on the petition alleging the violation of the terms of supervised release and to address the government's motion for detention. During the hearings, the government entered three videos into evidence, with no objection from Mr. Fields. Those videos contained footage of police interviews of the victim at the crime scene and in the hospital. In all criminal prosecutions, the Sixth Amendment requires the accused to have the right to be confronted with the witnesses against him. U.S. CONST. amend. VI. 18 U.S.C. § 3142(f) outlines the required procedure for detention hearings, and in addition to the right to counsel and the opportunity to testify, to present witnesses, and to present information, a person may "cross-examine witnesses who appear at the hearing." "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information" at the detention hearing. 18 U.S.C. § 3142(f). These statutory procedures adequately protect the liberty interest at stake at detention hearings. United States v. Portes, 786 F.2d 758, 767 (7th Cir. 1985). Although the right to confront witnesses is required to ensure due process at a trial, that right isn't necessary in all criminal proceedings. Id. For example, the confrontation clause doesn't apply at sentencing hearings. United States v. Isom, 635 F.3d 904, 907 (7th Cir. 2011). The Sixth Amendment right to confront and cross-examine witnesses doesn't apply at supervised release revocation hearings, but the Fifth Amendment right of confrontation applies,

unless the hearsay is reliable. United States v. Mosley, 759 F.3d 664, 667 (7th Cir. 2014); United States v. Jordan, 765 F.3d 785, 787-788 (7th Cir. 2014). A supervised release revocation hearing is more akin to a trial than a sentencing. "The defendant is not entitled to all of the protections of a criminal trial, but the stakes [of a supervised release revocation hearing] may be months or even years in prison. A court considering [whether to require the witness to appear under Federal Rule of Criminal Procedure 32.1(b)(2)(C)] cannot lose sight of those stakes . . . ." United States v. Jordan, 765 F.3d at 788. At one end of the spectrum of criminal proceedings is a trial, with a permanent liberty interest at stake. At the other end of the spectrum is a detention hearing, with a temporary liberty interest at stake. On the trial end of the continuum lies a supervised release revocation hearing with similarly permanent liberty interests at stake. But a sentencing hearing lies at the end of the continuum near a detention hearing. A defendant doesn't have the right to confront witnesses at a sentencing hearing, United States v. Isom, 635 F.3d 904, 907 (7th Cir. 2011), and he also doesn't have the right to confront witnesses at a detention hearing. *See* United States v. Hernandez, 778 F. Supp. 2d 1211, 1219-1220 (D.N.M. 2011) (confrontation clause doesn't apply to detention hearings). The use of video testimony at Mr. Fields's detention hearing didn't violate his right to confront and cross-examine a witness.

For the foregoing reasons, the court DISMISSES the petition for a writ of habeas corpus under 28 U.S.C. § 2241.

SO ORDERED.

ENTERED: December 22, 2014


                                                /s/ Robert L. Miller, Jr.
                                                Judge
                                                United States District Court